Dear Mr. Mitchell:
Your request for an Attorney General Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Is it within the authority of a Town Magistrate to place someone in contempt of court, then refuse to sign an arrest warrant to enforce that ruling?
La. R.S. 33:441 is one of the provisions which govern municipal courts, and states, in pertinent part:
 B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the power and authority of the mayor over said court
(emphasis added).
Thus, since the magistrate, when presiding over court, has the same authority as the mayor, we must examine what powers a mayor possesses with reference to criminal proceedings. Paragraph A of La. R.S. 33:441 indicates that the mayor has discretion in prosecuting criminal violations: "The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof" (emphasis added). Further, in Attorney General Opinion No. 93-541, this office held that in a Lawrason Act municipality, the prosecuting authority (e.g., the mayor's court) has the discretion to proceed with or dismiss prosecution for violations of criminal ordinances.
The power to punish for contempt of court, however, is one which is expressly granted to courts under La. C.Cr.P. art. 16 et seq. La. C.Cr.P. art. 22 sets forth that the court has discretion whether or not to punish for direct contempt (such as a contumacious failure to appear in court): "A person who has committed a direct contempt of court may be found guilty and punished therefor by the court . . ." (emphasis added). This language clearly indicates that it is at the sole discretion of the court whether or not to issue arrest warrants for those persons who have committed contempt of court.
Therefore, it is the opinion of this office that it is within the authority of a Town Magistrate, when presiding over the mayor's court, to refuse to sign arrest warrants for criminal defendants who have committed contempt of court by failing to appear in court.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ FREDERICK A. DUHY, JR. Assistant Attorney General
 Office of the Attorney General State of Louisiana Opinion No. 93-541 September 14, 1993
71 MUNICIPALITIES R.S. 33:321, et seq.; R.S. 33:423 (A); R.S. 14:134; R.S. 14:134 (1); R.S. 33:441
In a Lawrason Act municipality, the Chief of Police is charged with the responsibility of enforcing a municipal ordinance, until such time as the board of aldermen repeal the law, or it is invalidated by the judiciary. Failure to perform this duty may constitute malfeasance in office. The prosecuting authority (i.e. the mayor's court, or the district attorney, who exercises concurrent jurisdiction) has the discretion to proceed with or dismiss prosecution for violation of a criminal ordinance.
Mr. Joe Swafford Chief of Police Town of Colfax P.O. Box 310 Colfax, LA 71417